UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HERMILA C., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | Case No.: 25cv1980-JES-VET <br><br> **ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 2]** |

Before the Court is Plaintiff's complaint seeking judicial review of the Social Security Administration's decision and accompanying motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP.

**I.   Screening under 28 U.S.C. § 1915(a)**

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. *Hoagland v. Astrue*, No.

1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. Fed. R. Civ. P., Supplemental R. 2 of Soc. Sec. Actions under 42 U.S.C. § 405(G) (effective Dec. 1, 2022) (The complaint must "(A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." The complaint may "include a short and plain statement of the grounds for relief."). In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint. In her complaint, Plaintiff (1) states that she brings this action pursuant to 42 U.S.C. § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Appeals Council's June 24, 2025, denial of Plaintiff's claims, (3) provides her name, last four digits of her

social security number, and states that she resides in Imperial Beach, California, located within San Diego County; and (4) states the type of benefits claimed. ECF No. 1. Although it is optional to do so under Rule 2, Plaintiff further explains his grounds for relief from the Commissioner's decision, including that: "the ALJ erred in evaluating Plaintiff's subjective complaints, and erroneously rejected Plaintiff's alleged limitations" *Id*. ¶ 9. Thus, upon due consideration, the Court finds that Plaintiff's complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

## II.     Motion to Proceed In Forma Pauperis

Having found that Plaintiff's complaint survives screening, the Court turns to her ability to proceed without payment of the required fees. It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff states that her only income is $400-500 she receives as support from her son, though she lists her monthly income as $792. ECF No. 2 at 2. Plaintiff has $0 in cash and $7 in her checking account. *Id.* at 2. Plaintiff does not have a car or any other

substantial assets. *Id.* at 3. Plaintiff incurs monthly expenses including rent, utilities, food, laundry, and medical expenses totaling $790. *Id.* at 4-5. Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that she is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

### III. Conclusion

Accordingly, for the reasons as set forth above, the Court **GRANTS** Plaintiff's motion to proceed *in forma* pauperis.

Typically, after granting IFP status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant, and direct the Plaintiff to complete Form 285. Then, the United States Marshal Service would serve a copy of the complaint and summons on Defendant. However, in accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions, and this district's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. *See* Fed. R. Civ. P., Supplemental R. 3 of Soc. Sec. Actions under 42 U.S.C. § 405(G) (effective Dec. 1, 2022) ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4."); General Order No. 747 (S.D. Cal. Dec. 15, 2022) (explaining that, in social security cases, the administrative record is due in lieu of an answer "60[] days after service of the Notice of Electronic Filing of the complaint," emphasizing that the service of summons is no longer a requirement). Here, no further action is needed, as the Clerk's Office already transmitted the notice of electronic filing to Defendant in the instant case. *See* ECF No. 3, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint.

1  The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

2  **IT IS SO ORDERED.**

3  Dated: September 25, 2025

Honorable James E. Simmons Jr.
United States District Judge