UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PATRICIA H. C.,[1]
Plaintiff,
v.
FRANK BISIGNANO, Commissioner of Social Security,
Defendant.

Case No.: 3:25-cv-01980-JES-VET

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

**[ECF No. 15]**

This Report and Recommendation is submitted to United States District Judge James E. Simmons pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c)(1).

On August 1, 2025, Plaintiff Patricia H. C. filed a complaint challenging Defendant Commissioner of Social Security Bisignano's ("Commissioner") denial of her application for disability insurance benefits. ECF No. 1. Before the Court is Plaintiff's Motion for Summary Judgment pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). ECF No. 15. Having considered the parties' arguments, applicable law, and the record before it, and for the

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).

reasons discussed below, the undersigned **RECOMMENDS VACATING** the Commissioner's final decision and **REMANDING** for further proceedings.

## I. BACKGROUND

### A. Procedural History

On June 7, 2022, Plaintiff applied for disability insurance benefits pursuant to the Social Security Act, alleging disability commencing on November 17, 2021. Administrative Record ("AR") 209.[2] The Agency denied the application initially and upon reconsideration. AR 207–36.

Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and, on July 11, 2024, the ALJ held a hearing ("Administrative Hearing"). AR 178–206, 247–48. On September 26, 2024, the ALJ found that Plaintiff was not disabled. AR 158–77. Plaintiff timely appealed, and the Appeals Council declined review on June 24, 2025, rendering the ALJ's decision the final decision of the Commissioner. AR 1–6. On August 1, 2025, Plaintiff initiated this action seeking judicial review of the ALJ's decision. ECF No. 1.

### B. Summary of the ALJ's Decision

The ALJ followed the Agency's five-step sequential evaluation process to determine whether Plaintiff was disabled. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since November 17, 2021, the alleged onset date." AR 164. At step two, the ALJ found that Plaintiff had the following severe impairments: "systemic lupus erythematosus ("SLE"), hypothyroidism, fibromyalgia, and migraines with aura." *Id.* The ALJ found that Plaintiff's medically determinable impairments of Sjogren's syndrome, menorrhagia, cholecystitis status-post surgery, gastroesophageal reflux disease, anemia, obesity, adjustment disorder, and depression were non-severe. AR 164–66. At step three, the ALJ concluded that

---

[2] The AR is electronically filed at ECF No. 8.

Plaintiff did not have an impairment or combination of impairments that meets or medically equals the Commissioner's listed impairments. AR 166–67. Before proceeding to step four, the ALJ assessed Plaintiff's Residual Functional Capacity ("RFC") as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except the individual can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl; frequently handle and finger with the bilateral upper extremities; frequently push and pull with the bilateral upper extremities; and the individual must avoid concentrated exposure to bright light, loud noise, and hazards such as operational control of moving machinery and unprotected heights.

AR 167. In considering Plaintiff's symptoms, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id.* at 169. However, the ALJ further concluded that Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 170.

At step four, in reliance on Plaintiff's documented vocational background and the opinion of a vocational expert ("VE"), the ALJ found Plaintiff "capable of performing past relevant work as an insurance clerk." AR 171. At step five, based on the VE's opinion, the ALJ concluded that Plaintiff could also perform other work existing in significant numbers in the national economy. AR 172. Given Plaintiff's age, education, work experience, and RFC, the VE opined that Plaintiff could engage in various occupations, including office helper, price marker, and burrito maker. AR 172–73.

Accordingly, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, since November 17, 2021. AR 173.

### C. <u>Summary of the Plaintiff's Testimony</u>

During the Administrative Hearing, Plaintiff testified that she had diagnoses of both lupus and fibromyalgia. AR 186. Plaintiff stated that she stopped working in November 2021 due to chronic pain from her impairments and difficulty concentrating on her work. AR 185. And, prior to resigning, Plaintiff's pain caused her to miss work. AR 205. Plaintiff

described being in pain for most of each day. AR 186. The pain is widespread throughout her body, impacts her sleep, and she is sensitive to touch. *Id.* Dr. Steiner, whom she sees every month, treats Plaintiff's chronic plain and prescribes all of Plaintiff's pain medication. AR 187. Plaintiff testified that none of the treatments prescribed by Dr. Steiner are effective at reducing her pain. *Id.* She also sees Dr. Steiner for Botox treatment for her migraines, which has been effective. AR 187–88. While Plaintiff used to have more than fifteen migraines per month, they are now infrequent. AR 188. Bright lights and stress can trigger Plaintiff's migraines. AR 188–89.

Walking for more than a minute is difficult for Plaintiff and requires a break afterwards. AR 193. Walking also causes pain in her back. *Id.* She started wearing a back brace one month before the Administrative Hearing. *Id.* She can stand and sit for a while but needs a break or movement after long durations due to pain. AR 194. The maximum she can carry is a gallon of milk. *Id.*

Plaintiff testified that her pain is located primarily in her lower and middle back. AR 194–95. Plaintiff has not discussed back pain with her primary physician. AR 195. She has not had surgery on her back, but received X-Ray imaging on her back, chest, hands, and wrists with Dr. Steiner. *Id.*

Plaintiff also testified that she feels depressed every day because of her physical condition but does not take medication for depression. AR 196–97. She suffers from memory loss, does not socialize anymore, and has lost her overall motivation for most activities, including hygiene, chores, errands, and eating. *Id.* She lives with her son in an apartment and relies on him and others for driving her around and doing most household tasks. AR 198. She has no hobbies, is not part of any groups, and does not exercise. *Id.*

## II. STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020); *see* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla," and "means only

. . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (substantial evidence is "more than a mere scintilla, but less than a preponderance"). A court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). "If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal quotations omitted). Thus, "review of an ALJ's fact-finding for substantial evidence is deferential, and the threshold for such evidentiary sufficiency is not high." *Id.* at 1159 (internal quotations omitted) (quoting *Biestek*, 587 U.S. at 103); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) ("Overall, the standard of review is highly deferential.").

Lastly, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). "An error is harmless only if it is inconsequential to the ultimate nondisability determination." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (internal quotations omitted).

## III. DISCUSSION

The single issue raised by Plaintiff is whether the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony concerning the intensity, persistence, and limiting effects of her symptoms. ECF No. 15 at 2. Plaintiff argues that the ALJ erred by failing to provide the requisite clear and convincing reasons for rejecting Plaintiff's less-than-sedentary symptomology testimony and allegations of disabling pain and fatigue due to SLE and fibromyalgia. ECF No. 15 at 2. Defendant contends that the ALJ correctly "found [] that the objective medical and other evidence was not consistent with Plaintiff's allegations of disabling symptoms and limitations." ECF No. 18 at 5. For

the reasons discussed below, the Court finds that the ALJ's assessment of Plaintiff's testimony was not supported by clear and convincing evidence.

**A. <u>Legal Standards Regarding Subjective Testimony</u>**

The ALJ is solely responsible for "determin[ing] credibility, resolv[ing] conflicts in the testimony, and resolv[ing] ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) ("questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary"). Determining whether a claimant's subjective symptom testimony is credible involves a two-step analysis. *Lingenfelter*, 504 F.3d. at 1035–36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison*, 759 F.3d at 1014). As part of this analysis, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (citation and internal quotations omitted). "Nor must a claimant produce objective medical evidence of the [symptom] itself, or the severity thereof." *Id*. (citation and internal quotations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. at 1014–15 (citation omitted).

"The clear and convincing standard is the most demanding required in Social Security cases." *Id*. at 1015 (citation omitted). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). "The standard isn't whether our court is

convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Id.* (citation omitted). "Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Id.*; *see also Lambert*, 980 F.3d at 1277–78 (the ALJ must "identify what parts of the claimant's testimony were not credible and why").

"If the ALJ fails to provide specific, clear, and convincing reasons for discounting the claimant's subjective symptom testimony, then the ALJ's determination is not supported by substantial evidence." *Ferguson*, 95 F.4th at 1199 (citation omitted). But where the ALJ's credibility determination is adequately supported, this Court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). "[T]he credibility determination is exclusively the ALJ's to make, and [the Court's] only to review." *Brown-Hunter*, 806 F.3d at 494.

**B. <u>Evaluation of Plaintiff's Subjective Testimony</u>**

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the" record evidence. AR 169. Because there was no evidence or finding of malingering, the ALJ was required to identify clear and convincing reasons for reaching this conclusion. *Ferguson*, 95 F.4th at 1199; *see generally* AR 167–69. The Court now turns to evaluating the testimony at issue and the ALJ's findings.

1. <u>Conservative Treatment and Compliance with Treatment</u>

The ALJ articulates two related reasons for finding Plaintiff's subjective symptom testimony not entirely consistent with the record.

First, the ALJ states that "the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual." AR 169. He indicates that "treatment for the claimant's lupus, hypothyroidism, fibromyalgia, and migraines have been essentially routine and conservative in nature" and the "lack of more aggressive

treatment, such as surgical intervention, suggests that the claimant's symptoms and limitations were not as severe as alleged." *Id.* While a lack of more aggressive treatment may be a reason to discredit a claimant's subjective testimony, "a claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist." *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010); *see* Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4, at *23 (Mar. 16, 2026) (ALJ may not find testimony inconsistent on basis of insufficiently aggressive treatment without considering possible reasons more aggressive treatment was not available to claimant). Here, the ALJ offers no evidence or explanation demonstrating that more aggressive treatment was recommended or even available to Plaintiff and she declined it. AR 169. The ALJ mentions "surgical intervention" as one alternative treatment, but points to no record evidence that surgery was a viable treatment option for Plaintiff or, more importantly, that anyone offered Plaintiff surgical invention and she elected to forego surgery. *Id.* In the absence of any evidence that Plaintiff refused more aggressive treatment, it is not evident that Plaintiff's course of treatment was, in fact, "conservative" or even routine. *See Lapeirre-Gutt*, 382 F. App'x at 664.

Second, the ALJ concludes that Plaintiff "was encouraged to make lifestyle modifications and participate in home exercises" but "the record shows very [few] if any of those recommendations were attempted by the claimant." AR 169. In support of this conclusion, the ALJ refers to Plaintiff's check-ups with Dr. Chitkara's clinic on January 11, 2022 and May 2, 2022, respectively. AR 687, 692. At the first check-up, the healthcare provider "reviewed lifestyle modification and relaxation techniques" with Plaintiff. AR 687. At the second check-up, the healthcare provider "encouraged" Plaintiff to make "lifestyle modifications" and perform "home exercises." AR 692. However, the records for both visits show only that Plaintiff's healthcare providers discussed lifestyle modifications with Plaintiff; neither indicate Plaintiff failed to comply with the recommendations from each visit or that she failed to perform home exercises following the second visit. *See* AR 687, 692.

Moreover, the ALJ had a duty to consider possible reasons for Plaintiff's purported failure to "attempt" lifestyle modifications and failed to do so. *See Romero v. O'Malley*, No. 23-55292, 2024 U.S. App. LEXIS 30305, at *3 (9th Cir. Nov. 29, 2024); *see also Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); SSR 16-3p, 2016 SSR LEXIS 4, at *23 (Mar. 16, 2016) (The ALJ "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons why he or she may not comply with treatment."). Though not exhaustive, some possible reasons apparent from Plaintiff's testimony include pain that limits her physical activity and the impact of her depression, which limits her ability to self-manage and self-motivate. AR 193, 197–98. The Court draws no conclusion as to whether these reasons sufficiently explain any failure to comply with treatment recommendations. But, in the absence of the ALJ's discussion of these or other reasons for Plaintiff's supposed non-compliance, the Court cannot be sure that the ALJ considered them.

In short, the Court finds that neither of the two reasons referenced by the ALJ for rejecting Plaintiff's testimony constitute specific, clear, and convincing reasons. As such, the ALJ's conclusion is not supported by substantial evidence. *See Ferguson*, 95 F.4th at 1199.

2. <u>ALJ's Discussion of Plaintiff's Fibromyalgia and Lupus</u>

Plaintiff suggests that the ALJ further erred in his assessment of Plaintiff's subjective symptom testimony relating to fibromyalgia and lupus. ECF No. 15 at 4–7. While Plaintiff's contentions on this point are not entirely clear, Plaintiff appears to argue that the ALJ should have considered the "unique nature" of fibromyalgia and lupus and given stronger weight to Plaintiff's subjective claims of disabling limitations. *Id.* at 6–7. The Court notes that an ALJ should give special consideration to a claimant's testimony in the context of fibromyalgia. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) (noting that fibromyalgia is "diagnosed entirely on the basis of patients' reports of pain and

other symptoms"); *Revels v. Berryhill*, 874 F.3d 648, 656, 666 (9th Cir. 2017).[3] But, here, the ALJ did consider Plaintiff's subjective complaints regarding fibromyalgia and SLE in assessing her functional limitations.

The ALJ discusses Plaintiff's testimony that SLE and fibromyalgia, among other symptoms, caused "widespread pain all over her body every day," which limited her ability to work and sleep. AR 167–68. The ALJ further noted her allegations of fatigue, sensitivity to touch, pain in the lower back, and various neurological symptoms also related to these conditions. AR 167. In discussing the objective medical evidence, the ALJ noted both positive and negative findings, as Plaintiff admits, and *did* incorporate Plaintiff's subjective testimony relating to both SLE and fibromyalgia. AR 168–69; *see* ECF No. 15 at 6. In assessing Plaintiff's limitations due to SLE, the ALJ also compared objective medical evidence and Plaintiff's testimony and referenced multiple records showing, in relevant part, normal range of motion in various areas, normal motor strength, and normal physical examinations. AR 168. In the context of fibromyalgia, the ALJ compared Plaintiff's testimony regarding symptoms of joint pain, muscle pain, and fatigue with objective medical evidence regarding Plaintiff's actual range of motion in her joints.[4] AR 169. Even in the context of fibromyalgia, objective medical evidence can still be used to, for example, "demonstrate a lack of functional limitations during clinical examination in considering

---

[3] Plaintiff cites authority showing that some courts in this Circuit treat lupus similarly to the Ninth Circuit's treatment of fibromyalgia. *See* ECF No. 15 at 6–7 (citing, *e.g.*, *Garcia v. Colvin*, No. CV 14-02528-GW (KS), 2015 U.S. Dist. LEXIS 159590, at *26 (C.D. Cal. Nov. 25, 2015)).

[4] Plaintiff objects to the ALJ's citation to a physical examination in which Dr. Chitkara noted that her examination showed "full range of motion" for all joints and "no synovitis . . . except MCP synovial thickening." ECF No. 15 at 5; *see* AR 696 (examination). The ALJ references the finding of "no synovitis" but makes no reference to the finding of "MCP synovial thickening." AR 169. Plaintiff, relying on a medical source outside the record, explains that MCP synovial thickening is "a common radiographic feature of synovitis." ECF No. 15 at 5. The Court is not prepared to entertain arguments based on information outside the record.

credibility," as the ALJ did here. *See Melendez v. Astrue*, No. CV 10-01930-JEM, 2011 U.S. Dist. LEXIS 146809, at *16 (C.D. Cal. Dec. 20, 2011).

In sum, the Court is satisfied that the ALJ properly weighed and considered Plaintiff's subjective symptom testimony in considering the limitations caused by fibromyalgia and SLE. *See* AR 167–69. While the ALJ failed to provide clear and convincing reasons in support of other conclusions, as described in the prior section, the Court finds no error with the ALJ's discussion of the objective medical evidence and testimony related to these diagnoses. *See Ferguson*, 95 F.4th at 1199.

3. Commissioner's Additional Arguments

The Commissioner argues that substantial evidence supports the ALJ's decision to reject Plaintiff's testimony as not entirely consistent with the medical evidence. *See* ECF No. 18 at 6–9. Specifically, the Commissioner suggests that the ALJ reached his conclusion based on the following: (i) an assessment of the "objective medical findings," (ii) "inconsistencies between Plaintiff's alleged limitations and statements she made to [healthcare] providers," and (iii) "conflicts between Plaintiff's statements and those of the medical sources." *Id.* at 6, 8–9. In support of his contentions, the Commissioner does not point to any statements in the ALJ's decision, *see id.* at 6–9, and instead argues that these factors are within the "logical framework" of the ALJ's review of the record. *Id.* at 10. According to the Commissioner, while "the ALJ is required to 'discuss and evaluate evidence that supports [] his conclusion,'" the ALJ "need not do so under a specific heading." *Id.* (quoting *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013)).

However, the issue is not the ALJ's organization of the evidence but his failure to link specific evidence to his rejection of Plaintiff's testimony. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (ALJ must discuss and evaluate evidence that supports his conclusion even though he need not do so under particular heading); *Smartt*, 53 F.4th at 499 (ALJ must "show his work" in identifying specific, clear, and convincing reasons for finding). The Commissioner's post-hoc rationalization improperly attempts to craft clear and convincing reasons for rejecting Plaintiff's statements based on the ALJ's summary of

medical evidence. *See Brown-Hunter*, 806 F.3d at 494; ECF No. 18 at 6–9. This is clear because the Commissioner cites the administrative record, not the ALJ's decision, in support of these arguments. ECF No. 18 at 6–9. Further, the Court's review of the ALJ's decision shows no indication that he relied on the evidence cited by the Commissioner in assessing Plaintiff's testimony. *See* AR 167–71.

This Court is "constrained to review the reasons the ALJ asserts," *Brown-Hunter*, 806 F.3d at 494 (emphasis removed), and "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. Accordingly, the Commissioner's arguments, however persuasive, cannot provide the clear and convincing reasons necessary to support the ALJ's conclusions.

**C. Harmless Error**

The ALJ's failure to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony based on his conclusions that Plaintiff's treatment was conservative and not aggressive, or that she failed to attempt or comply with treatment recommendations, is not harmless. A failure to provide clear and convincing reasons for rejecting claimant testimony is "usually not [] harmless" because the reviewing court cannot review other unexplained reasons for the assessment without improperly "substituting [its] conclusions for the ALJ's or speculating as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 (internal punctuation and citation omitted). To affirm in this case would require the Court to improperly assess Plaintiff's credibility. *See id.* at 494. Because the Court may not do so, the ALJ's error was not harmless and requires remand.

**D. Remedy**

As a remedy, Plaintiff requests that the Court remand for an award of benefits or, alternatively, for a new hearing. ECF No. 15 at 17. Because questions remain regarding the Plaintiff's credibility, the Court finds that further administrative proceedings are necessary. *See Treichler*, 775 F.3d at 1105–06 (finding that appropriate remedy is remand for further proceedings where questions exist concerning inconsistencies between the record and a

claimant's testimony). Accordingly, the appropriate remedy is to remand for further administrative proceedings to evaluate the credibility of Plaintiff's testimony.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the Commissioner's final decision be **VACATED** and **REMANDED** to the Social Security Administration for further proceedings consistent with this Report and Recommendation.

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed and served on all parties by no later than **August 14, 2026**. The pleading should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by no later than **August 28, 2026**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: July 31, 2026

Honorable Valerie E. Torres
United States Magistrate Judge